MICHAEL HOLECEK, SBN 281034
  mholecek@gibsondunn.com
LAUREN M. BLAS, SBN 296823
  lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

MEGAN COONEY, SBN 295174
  mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendants AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC. (erroneously sued as AMAZON FLEX)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GARCIA PUENTES, on behalf of himself, and all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; AMAZON FLEX, a business entity of unknown form; and DOES 1 through 20, inclusive,<br><br>  Defendants. | CASE NO. 2:21-cv-00414-FLA-SK<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON LOGISTICS, INC.'S MOTIONS, IN THE ALTERNATIVE, TO COMPEL ARBITRATION AND STAY PROCEEDINGS, OR DISMISS, TRANSFER, OR STAY ACTION UNDER FIRST TO FILE RULE**<br><br>**Hearing:**<br>Date: April 2, 2021<br>Time: 1:30 PM<br>Place: Courtroom 6B<br>Judge: Hon. Fernando L. Aenlle-Rocha |

TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

In accordance with Rule 201 of the Federal Rules of Evidence, Defendants Amazon.com Services LLC and Amazon Logistics, Inc. (erroneously sued as Amazon Flex "a business entity of unknown form") (together, "Amazon"), by and through their attorneys, respectfully request that the Court take judicial notice of Exhibits A–L attached here filed in support of Amazon's Motions, In the Alternative, to Compel Arbitration and Stay Proceedings, or Dismiss, Transfer, or Stay Action Under First to File Rule (the "Motion"):

1. Attached as **Exhibit A** is a true and correct copy of the Second Amended Complaint in *Rittmann v. Amazon.com, Inc.*, Case No. 2:16-cv-01554-JCC (W.D. Wash.), filed on April 20, 2017.

2. Attached as **Exhibit B** is a true and correct copy of the Petition for a Writ of Certiorari in *Amazon.com, Inc. v. Rittmann*, Case No. 20-622 (U.S.), filed on November 4, 2020.

3. Attached as **Exhibit C** is a true and correct copy of the Class Action Complaint in *Keller v. Amazon.com, Inc*, Case No. 3:17-cv-02219-RS (N.D. Cal.), filed on April 20, 2017.

4. Attached as **Exhibit D** is a true and correct copy of the Second Amended Class Action Complaint in *Ponce v. Amazon.com, Inc.*, Case No. 3:19-cv-00288-RS (N.D. Cal.), filed on April 18, 2019.

5. Attached as **Exhibit E** is a true and correct copy of the Plaintiffs' Class Action Complaint in *Diaz v. Amazon.com, Inc.*, Case No. 3:20-CV-07792 (N.D. Cal.), filed on August 21, 2020.

6. Attached as **Exhibit F** is a true and correct copy of the Minute Entry granting parties' Joint Stipulation to Stay Action in *Diaz v. Amazon.com, Inc.*, Case No. 3:20-CV-07792 (N.D. Cal.), filed on December 15, 2020.

7. Attached as **Exhibit G** is a true and correct copy of the First Amended Complaint in *Ronquillo v. Amazon.com Inc.*, Case No. 2:19-cv-00207-AB-FFM (C.D. Cal.), filed on February 21, 2019.

8. Attached as **Exhibit H** is a true and correct copy of the Order Granting Motions to Transfer Pursuant to First-to-File Rule in consolidated *Keller* case, Case No. 19-cv-00288-RS (N.D. Cal.), filed on October 23, 2019.

9. Attached as **Exhibit I** is a true and correct copy of the Order Coordinating Five Actions in the Judicial Council proceeding *In re Amazon Flex Wage and Hour Cases*, Case No. JCCP 5078, filed on February 19, 2020.

10. Attached as **Exhibit J** is a true and correct copy of the Declaration of Piyush Lumba in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint or, in the Alternative, to Compel the Claims of Plaintiff Raef Lawson to Arbitration and to Exclude Putative Absent Class Members Who Agreed to Arbitrate Their Claims in *Rittmann v. Amazon.com, Inc.*, Case No. 2:16-cv-01554-JCC (W.D. Wash.), filed on December 15, 2016.

11. Attached as **Exhibit K** is a true and correct copy of the Order re Petition to Compel Arbitration and Stay Proceedings in *Jordan v. Maplebear Inc. dba Instacart*, No. CGC-19-579780 (S.F. Super. Ct.), filed on June 26, 2020.

12. Attached as **Exhibit L** is a true and correct copy of the Amazon.com, Inc.'s Form 8-K, filed with the Securities and Exchange Commission ("SEC") on August 28, 2017.

## JUDICIAL NOTICE IS WARRANTED

This Court "may judicially notice a fact that is not subject to reasonable dispute" where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.*, subd. (c)(2). Exhibits A–L are each relevant to the arguments raised by Amazon in its concurrently filed Motion.

The Court should take judicial notice of Exhibits A–K because they are pleadings, orders, and other documents filed in pending cases. It is well established that a court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts." (internal citations omitted)). Exhibits A–K were filed in federal and state court, are publicly available, and are not reasonably subject to dispute.

The Court may also take judicial notice of Exhibit L. Courts routinely take judicial notice of documents filed with the SEC. *See*, *e.g.*, *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004); *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 954 (N.D. Cal. 2007) (company's "public filings are the proper subjects of judicial notice"); *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1075 (N.D. Cal. 2003) (granting judicial notice of a document pertaining to SEC guidance on disclosure of non-GAAP measures); *In re Computer Scis. Corp. Deriv. Litig.,* 2007 WL 1321715, at *7 n.5 (C.D. Cal. Mar. 26, 2007) (taking judicial notice SEC filings). Exhibit N is capable of accurate and ready determination, as it is publicly available on the SEC's website and a matter of public record not subject to reasonable dispute. *See* Fed. R. Evid. 201(b).

Thus, the Court may properly take judicial notice both of the existence of these Exhibits and that they "state what they state." *Warwick v. Bank of N.Y. Mellon*, 2016 WL 2997166, at *12 (C.D. Cal. May 23, 2016). As referenced in the concurrently filed Motion, Amazon contends that this action overlaps with the other putative class actions pending in other federal courts, like the consolidated *Rittmann* action (Exhibits A–I). Amazon also contends that if the Court declines to stay this action, it should compel individual arbitration of Plaintiffs' claims, because the Federal Arbitration Act's Section 1 exemption for transportation workers does not apply (Exhibits J, K, and L).

Therefore, this Court may properly take judicial notice of Exhibits A–L and that they "state what they state." *Warwick*, 2016 WL 2997166, at *12.

## **CONCLUSION**

For the foregoing reasons, Amazon respectfully requests that the Court take judicial notice of Exhibits A–L, attached here, and consider these exhibits in ruling on Amazon's Motion, filed concurrently here.

Dated:  February 22, 2021

                                      MICHAEL HOLECEK
                                      LAUREN M. BLAS
                                      MEGAN COONEY
                                      GIBSON, DUNN & CRUTCHER LLP

                                By:  */s/ Michael Holecek*
                                                    Michael Holecek

                                    Attorneys for Defendants AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC. (erroneously sued as AMAZON FLEX)