MICHAEL HOLECEK, SBN 281034
    mholecek@gibsondunn.com
LAUREN M. BLAS, SBN 296823
    lblas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

MEGAN COONEY, SBN 295174
    mcooney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

Attorneys for Defendants AMAZON.COM
SERVICES LLC, and AMAZON LOGISTICS,
INC. (erroneously sued as AMAZON FLEX)

RAMIN R. YOUNESSI, SBN 175020
    ryounessi@younessilaw.com
LILIUOKALANI H. MARTIN, SBN 292778
    lmartin@younessilaw.com
LAW OFFICES OF RAMIN R. YOUNESSI
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010
Telephone: 323.777.7777
Facsimile:  213.480.6201

Attorney for Plaintiff, ALEJANDRO GARCIA
PUENTES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO GARCIA PUENTES, on behalf of himself, and all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES LLC, a Delaware limited liability company; AMAZON FLEX, a business entity of unknown form; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. 2:21-CV-00414-FLA-SK <br><br> HON. FERNANDO L. AENLLE-ROCHA <br><br> **JOINT RULE 26(F) REPORT** <br><br> Date:         June 25, 2021 <br><br> Time:         1:00 p.m. <br><br> Courtroom:  6B |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f)"), Local Rule 26-1, and the Court's Order Setting Scheduling Conference (Dkt. 22), Plaintiff Alejandro Garcia Puentes ("Plaintiff") and Defendants Amazon.com, Inc. and Amazon Logistics, Inc. (erroneously sued as Amazon Flex "a business entity of unknown form") (collectively "Amazon"), by and through their undersigned counsel, hereby submit the following report[1]:

## I. Statement of the Case

*Plaintiff's Position*:

Plaintiff Alejandro Garcia Puentes was a delivery driver for Defendant from May 1, 2018, to July 31, 2019. Plaintiff brings this action on behalf of himself and other delivery drivers for Defendant in California during the class time period for violations of the California Labor Code including for misclassification, violations of minimum wage laws, for failure to provide meal and rest breaks, as well as for failure to reimbursement for gas and mileage.

*Amazon's Position*:

Plaintiff Alejandro Garcia Puentes alleges he was an Amazon Flex Delivery Partner from approximately May 1, 2018 until approximately July 31, 2019. *See* Compl. ¶ 11. As a Delivery Partner, Plaintiff accepted a contract with Amazon through which he was engaged as an independent contractor to perform delivery services using the Amazon Flex mobile phone application. Plaintiff contends that he should have been classified as an employee under California law, which Amazon denies, and Plaintiff seeks to represent all other "'delivery driver[s]' …who have worked for Defendants" since November 13, 2016 under Federal Rule of Civil Procedure 23. Compl. ¶¶ 2, 49. Plaintiff was properly classified as an independent contractor under California law, as were the

---

[1] The Parties submitted a stipulation to continue the Scheduling Conference scheduled for June 25, 2021 based on Amazon's pending Motion to Compel Arbitration or Dismiss, Stay, or Transfer Pursuant to the First to File Rule. *See* Dkt. 29. As of the time of filing, the Court has not ruled on that stipulation and so the Parties submit this report out of an abundance of caution to comply with the current scheduling order.

other Amazon Flex Delivery Partners he wishes to represent in this action, and is therefore not entitled to any of the alleged damages and penalties he seeks to recover.

More fundamentally, Plaintiff's claims are subject to a binding and enforceable arbitration agreement.  Plaintiff affirmatively agreed to arbitrate his claims twice and declined not to exercise his right to opt-out of the agreement within the 14-day deadline. And even if arbitration is not compelled based on this agreement, Plaintiff's theories are all being advanced on behalf of the same putative class of California Delivery Partners in the earlier-filed consolidated *Rittmann* action in the Western District of Washington and several other putative class actions that have followed *Rittmann*.  For this and other reasons, Amazon filed a Motion to Compel Arbitration and Stay Proceedings, or Dismiss, Transfer, or Stay Action Under First to File Rule (the "Motion"), which was taken under submission by the Court on April 12, 2021.  Dkt. 28.  Amazon's statements in this Report are made without prejudicing the Motion or Amazon's right to have Plaintiff's claims resolved through binding individual arbitration.

## II.    Subject Matter Jurisdiction

The basis of federal jurisdiction is 28 U.S.C. § 1332(d), because this is a civil action involving a class of at least 100 persons with an amount in controversy exceeding $5 million.  Compl. at ¶ 2; *id.* at Prayer for Relief.  Plaintiff and Defendants are "citizens of different states" and Plaintiff's alleged damages place more than $5 million in controversy.  *See* Compl. at Prayer for Relief; Dkt. 1 (Notice of Removal) at 14–15; 28 U.S.C. § 1332(d).

## III.    Legal Issues

*Plaintiff's Position*: Plaintiff asserts eight causes of action: misclassification as an "Independent Contractor," failure to pay wages, failure to pay minimum wages, failure to indemnify for necessary business expenses, failure to provide meal and rest periods, failure to provide itemized wage and hour statements, waiting tie penalties, and unfair competition.

*Amazon's Position*:  This matter should be decided by an arbitrator on an individual basis because Plaintiff accepted a binding and enforceable agreement to arbitrate all of his disputes with Amazon.  If not compelled to arbitration, this action should not proceed at all, or in this forum, because it overlaps with numerous earlier-filed putative class action cases litigating the same issues on behalf of the same putative class that Plaintiff seeks to represent here.  If the Court declines to dismiss or compel this action to arbitration, the core legal issue will be whether Plaintiff was properly classified as an independent contractor under California law, including which classification test applies to Plaintiff, and whether class certification is appropriate in this case.

## IV.    Parties and Evidence

The Parties believe it is premature to list all evidence and witnesses while Amazon's Motion is pending.  The Parties will supplement this Report as appropriate following the Court's ruling on the Motion.

Amazon states that Amazon.com Services LLC is wholly owned by Amazon.com, Inc.  No publicly held corporation owns 10 percent or more of the stock of Amazon.com, Inc.

## V.    Damages

*Plaintiff's Position*: Plaintiff was improperly classified as an independent contractor. Plaintiff also alleges that Defendant failed to pay wages, failed to pay minimum wages, failed to indemnify for necessary business expenses, failed to provide meal and rest period, and failed to provide itemized wage and hour statements. Further, Plaintiff also alleges that Defendant owes Plaintiff waiting penalties and

*Amazon's Position*:  Plaintiff was properly classified as an independent contractor and therefore has not been damaged and is entitled to no recovery whatsoever.  If Amazon prevails in this action, it reserves its right to seek its attorneys' fees and costs, as permitted by law and/or agreement.

## VI.    Insurance

The Parties are not aware of any applicable insurance at this time.

## VII.   Motions

*Plaintiff's Position*: Plaintiff anticipates filing a motion for class certification. Plaintiff also anticipates opposing Defendant's motion to compel arbitration.

*Amazon's Position:* Amazon believes it is premature to set a motion schedule before the Court rules on its Motion, but if the Court does not compel arbitration or dismiss this action, Amazon reserves all rights to challenge Plaintiff's claims and any motion for class certification.

## VIII.  Dispositive Motions

*Plaintiff's Position:* Plaintiff maintains that he was improperly classified as an independent contractor. This is a legal issue that should be decided before a jury. Thus Plaintiff will oppose Defendant's motion for summary judgement.

*Amazon's Position:*  Amazon believes that Plaintiff's classification as an independent contractor  may be determined by a motion for summary judgment.

## IX.   Manual for Complex Litigation

The Parties do not believe this case will require utilization of the procedures in the Manual for Complex Litigation.

## X.    Status of Discovery

The Parties have not yet initiated written discovery.  Amazon believes discovery would be premature and inappropriate while the Motion is pending.

## XI.   Discovery Plan

The Parties submit as follows:

**Rule 26(f)(3)(A)**:  The Parties have agreed to exchange Initial Disclosures by July 23, 2021.  If the Court continues the Scheduling Conference as the parties have requested by stipulation (Dkt. 29), the Parties agree to exchange Initial Disclosures at least 7 days prior to that Scheduling Conference.

**Rule 26(f)(3)(B):** The Parties are still conferring regarding these matters..

**Rule 26(f)(3)(C)**: The Parties do not anticipate any issues with electronically stored information.

**Rule 26(f)(3)(D)**: If this action proceeds in court, the Parties will submit a stipulated protective order.

**Rule 26(f)(3)(E)**: If this action proceeds in court, the Parties do not anticipate requesting any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure at this time.

**Rule 26(f)(3)(F)**: The Parties do not believe any additional orders are necessary at this time.

## XII.  Discovery Cut-off

The Parties have conferred regarding a discovery schedule but do not have a proposal at this time.  Once Amazon's Motion is resolved, the Parties will propose a discovery cut-off date to the extent the matter remains before this Court..

## XIII.  Expert Discovery

The Parties have conferred regarding a discovery schedule for expert witnesses and reports but do not have a proposal at this time.  Once Amazon's Motion is resolved, the Parties will propose deadlines associated with expert discovery to the extent the matter remains before this Court.

## XIV.  Settlement Conference / Alternative Dispute Resolution

*Prior Discussions*:  The Parties have not engaged in settlement discussions to date.

*ADR Selection*: Plaintiff is amenable to private mediation.  If the action is not dismissed or compelled to arbitration, Amazon would prefer a private dispute resolution proceeding.

## XV.  Trial Estimate

*Plaintiff's Position:* Plaintiff believes that trial will take approximately seven to ten (7-10) days. Furthermore, this case should proceed as a jury trial. Plaintiff will supplement this Report as needed.

*Amazon's Position:*  Amazon believes it is premature to estimate the number of days required for trial before the Court rules on its Motion and before any motion for class certification is resolved.  For purposes of this Report, Amazon anticipates that a trial in this case will take approximately three to five (3-5) days if Plaintiff's claims are

not certified under Rule 23.  Regarding whether trial should be by jury or by court, Amazon believes this matter should proceed in arbitration, as stated in its Motion.  Should the Court deny Amazon's Motion, Amazon will supplement this Report as needed.

**XVI.  Trial Counsel**

Trial counsel for Amazon will include the counsel listed on Amazon's pleadings.

**XVII. Independent Expert or Master**

The Parties do not anticipate the need for an independent expert or master at this time.

**XVIII. Other Issues**

None that the parties are aware of.

Dated:  June 11, 2021

GIBSON, DUNN & CRUTCHER LLP


By: */s/  Michael Holecek*
Michael Holecek

Attorneys for Defendants AMAZON.COM SERVICES LLC and AMAZON LOGISTICS, INC. (erroneously sued as AMAZON FLEX)

Dated:  June 11, 2021

LAW OFFICES OF RAMIN R. YOUNESSI


By: */s/  Liliuokalani H. Martin*
LILIUOKALANI H. MARTIN
Attorneys for Plaintiff Alejandro Garcia Puentes

**<u>ATTESTATION</u>**

In accordance with Civil Local Rule 5-4.3.4, the filer of this document hereby attests that the concurrence to the filing of this document has been obtained from the other signatory.

By: */s/  Michael Holecek*
Michael Holecek